

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 8, 1961

Honorable Coke R. Stevenson, Jr.      Opinion No. WW-1126
Administrator
Texas Liquor Control Board            Re: Whether any provisions
Austin, Texas                              of H. B. 533, 57th
                                           Legislature is uncon-
                                           stitutional as violative
                                           of Article XVI, Section
                                           20 of the Texas Con-
Dear Mr. Stevenson:                        stitution.

     You have requested an opinion as to whether any pro-
vision of H. B. 533, passed by the Regular Session of the 57th
Legislature violates Article XVI, Section 20 of the Constitution
of Texas. H. B. 533 contains five principal provisions, to-wit:

     1. It creates a new class of wholesale permits.

     2. It permits the holder of a manufacturer's license
to obtain a brewer's permit upon application and payment of
the required fee.

     3. It provides that a person who has been the holder
of a brewer's or manufacturer's permit for a certain location
shall not be denied a renewal of such license solely because
the location is within an area which has been subsequently
voted "dry" as to the sale of beer or ale by local option.
The holder of such a permit in a "dry" area is authorized by
the bill to do all things which a holder of such a permit is
authorized to do under any provision of the Liquor Control
Act except to sell beer or ale contrary to the local option
prohibition.

     4. It provides that, under certain circumstances,
a person may hold a manufacturer's or brewer's license for
a number of years without actually engaging in the manufacture
of beer and ale at the licensed location, if the permittee
meets certain requirements concerning the beginning of con-
struction of a brewing or manufacturing plant at the licensed
location.

     5. It permits Texas manufacturers and brewers to
brew, package, label, and ship beer and ale which do not meet

a Texas specification for alcoholic content, packaging or labeling to other states for sale in those states.

Article XVI, Section 20 of the Constitution of Texas provides that the open saloon is prohibited and delegates to the Legislature the power to regulate the manufacture, sale, possession and transportation of intoxicating liquors. It requires the Legislature to enact local option laws which "shall contain provisions for voting on the sale of intoxicating liquors of various types and various alcoholic content." (Emphasis added)   It also provides in Sec. (c) that:

> "In all counties, justice's precincts or incorporated towns or cities wherein the sale of intoxicating liquors have been prohibited by local option elections held under the laws of the State of Texas and in force at the time of the taking effect of Section 20, Article XVI of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter, or exchange in any such county, justice's precinct or incorporated town or city, any spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication or any other intoxicants whatsoever, for beverage purposes, unless and until a majority of the qualified voters in such county or political subdivision thereof voting in an election held for such purpose shall determine such to be lawful . . ." (Emphasis added.)

When H. B. 533 is laid along side the constitutional provisions it becomes apparent that the first portion thereof which establishes a new class of wholesaler's permits is authorized by the constitutional provision authorizing the Legislature to regulate the sale, manufacture, possession and transportation of intoxicating liquors.

Likewise, it becomes apparent that the next provision of the act which authorizes a holder of a manufacturer's license to obtain a brewer's permit is also within the legislative power to create classes of permits and set up the criteria by which one may obtain such permit.

The next portion of the act purports to authorize the holder of a Brewer's Permit or Manufacturer's License for a location within an area which has, subsequent to the date he obtained the permit, voted against the sale of beer and ale

to continue to manufacture and brew such products within the "dry" area and to exercise all the powers of such a permit holder except the power to sell beer and ale in violation of the local option election. In Opinion No. WW-89 this office considered S. B. 225, Acts of the 55th Legislature, 1957, which purported to grant to the holder of a Manufacturer's License the right to continue operations at the same location although the area in which the manufacturing plant was located had been voted "dry" as to the sale of his product. We held that S. B. 225 was an act regulating the manufacture of intoxicating liquor by allowing such manufacture within certain areas and as such that it was clearly within the authority granted by the Constitution. We went on to point out, however, that S. B. 225, at first glance, seemed to authorize the sale of intoxicating liquor in an area which had assumed, by reason of a local option election, a "dry" status as to his product, because it said that it authorized the manufacturer to "do all things which a manufacturer is authorized to do under any other provision of the Texas Liquor Control Act, including but not limited to manufacture, possession, storage, packaging and transportation to areas where the sale of beer is legal." But we pointed out that this provision of the bill did not authorize the sale of beer in a dry area because the Legislature did not have the power to grant such authority in an area that is "dry" as a result of a local option election. In H. B. 533, however, this problem is not present because the act itself specifically denies to the holder of a brewer's or manufacturer's permit who is located in a "dry" area the right to sell beer or ale contrary to said local option prohibition. This provision is, therefore, not in violation of the constitutional provision of Article XVI, Section 20. It should be pointed out that Article XVI, Section 20(c) would not have any effect on holders of any permits or licenses under consideration here because the license or permit would not have been granted in the first instance until the area had been voted "wet" in a local option election subsequent to the adoption of Article XVI, Section 20.

The provision of H. B. 533 which allows Texas brewers and manufacturers to manufacture products which do not meet the alcoholic content, packaging or labeling specifications of Texas for sale outside of Texas is authorized by the constitutional provision allowing the Legislature to regulate the manufacture and sale of alcoholic beverages.

The provisions allowing persons to hold brewer's or manufacturer's license without actually engaging in the brewing or manufacture of alcoholic beverages is also controlled

by the same constitutional provision and is not contrary to Section XVI of Article 20 of the Texas Constitution.

## SUMMARY

H. B. 533 passed by the Regular Session of the 57th Legislature does not violate the provisions of Article XVI, Section 20, Constitution of Texas.

Very truly yours,

WILL WILSON
Attorney General of Texas

By
Sam R. Wilson
Assistant Attorney General

SRW/br

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Riley Eugene Fletcher
F. William Colburn
Dwain Erwin
Marvin Thomas

REVIEWED FOR THE ATTORNEY GENERAL
BY: Howard W. Mays